IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

Case No. 10-00235 (Chapter 7) )      CIVIL NO. 11-00364 LEK-BMK
In re MAUI INDUSTRIAL LOAN &   )
FINANCE CO.,                   )
                               )
           Debtor.             )      (Adv. No. 10-90069)
_____ )
DANE S. FIELD, Trustee,        )
                               )
           Plaintiff-Appellee, )
                               )
      vs.                      )
                               )
RNI-NV LIMITED PARTNERSHIP, a )
Nevada Limited Partnership,    )
and MAUI INDUSTRIAL LOAN &     )
FINANCE COMPANY, INC., a       )
Hawaii corporation,            )
                               )
           Defendants-         )
           Appellant.          )
_____ )


## ORDER DISMISSING APPEAL

        Before the Court are two matters in this bankruptcy

appeal: (1) Appellant RNI-NV Limited Partnership's ("Appellant"

or "RNI-NV") Motion to Vacate Judgment, Dismiss Appeal and Remand

Case to the United States Bankruptcy Court for Further

Proceedings ("Motion"), filed on September 9, 2011 [dkt. no. 14];

and (2) Appellee Dane S. Field, Trustee's ("Appellee" or "the

Trustee") Countermotion to Dismiss Appeal, or in the Alternative

to Strike Appellant's Motion to Vacate Judgment, Dismiss Appeal

and Remand Case to the United States Bankruptcy Court for Further

Proceedings and to Strike Portions of Appellant's Reply Brief

("Countermotion"), filed on October 3, 2011 [dkt. no. 21].
Appellee filed its memorandum in opposition to the Motion on
October 3, 2011, Appellant filed its reply and memorandum in
opposition to the Countermotion on October 10, 2011, and Appellee
filed its reply to the Countermotion on October 17, 2011. These
matters came on for hearing on October 24, 2011. At the hearing,
the Court continued the hearing on the underlying bankruptcy
appeal ("Appeal"), pending a ruling on the Motion and
Countermotion. Appearing on behalf of Appellant were
Jerrold Guben, Esq., and Aaron Creps, Esq., and appearing on
behalf of the Trustee were Enver Painter, Esq., Lissa Schults,
Esq., and Bradley Tamm, Esq. After careful consideration of the
Motion and Countermotion, supporting and opposing memoranda, and
the arguments of counsel, the Appeal is HEREBY DISMISSED.

## BACKGROUND

In the Chapter 7 proceedings below, the Trustee brought
an adversary proceeding against RNI-NV seeking to recover
$1,040,000 that the debtor, Maui Industrial Loan & Finance
Company, Inc. ("Maui Industrial"), paid to it (Adv. Pro. No. 10-
90069). In 1999, RNI-NV paid $1,000,000 for forty percent of the
stock in Maui Industrial, a nondepository financial services loan
company. RNI-NV did not obtain approval from the State Division
of Financial Institutions ("DFI") before completing the stock
purchase. In 2007, RNI-NV sought to withdraw its investment in

Maui Industrial, and the parties entered into a stock repurchase agreement on October 8, 2007, in which Maui Industrial promised to pay RNI-NV a total of $2,500,000 in installments. Maui Industrial paid $1,040,000 on the note, but defaulted. RNI-NV sued Maui Industrial in state court and judgment was entered in RNI-NV's favor on November 4, 2009. Maui Industrial then filed for bankruptcy under Chapter 7 on January 28, 2010. [Notice of Appeal, Exh. A (Memorandum of Decision on Plaintiff's Motion for Partial Summary Judgment, filed 5/16/11 (dkt. no. 1-5) ("Decision")), at 2-3.]

The complaint in the adversary proceeding alleged four counts, including: (1) violation of the Hawaii Business Corporations Act, Haw. Rev. Stat. § 414-111(c) (Count I); (2) violation of the Hawaii Uniform Fraudulent Transfer Act, Haw. Rev. Stat. Chapter 651C (Count II); (3) 11 U.S.C. § 548 (Count III); and (4) transferee liability pursuant to 11 U.S.C. § 550 (Count IV). The Trustee sought summary judgment on Counts I, II, and IV. The bankruptcy judge granted the Trustee's motion for summary judgment in a May 16, 2011 Memorandum of Decision ("Decision"). On June 1, 2011, the parties stipulated to dismiss Count III. RNI-NV filed its Notice of Appeal on May 27, 2011, appealing the May 16, 2011 Decision. The bankruptcy court entered final judgment on June 3, 2011.

## I.   Appellant's Motion

Appellant asks the Court to vacate the bankruptcy court's June 3, 2011 judgment, dismiss the Appeal, and remand the case to the bankruptcy court for further proceedings.  Appellant claims that, after a review of Stern v. Marshall, 131 S. Ct. 2594 (2011), and the lower court cases interpreting it, the bankruptcy court's subject matter jurisdiction to enter the final judgment of June 3, 2011 is questionable.  [Mem. in Supp. of Motion at 1-2.]

Appellant states that the consensus among lower courts appears to be that an Article I court, including the United States Bankruptcy Court for the District of Hawai'i, cannot enter a final judgment in a non-core matter, even if the parties "statutorily" consented or submitted themselves to the bankruptcy court's "core" jurisdiction, 28 U.S.C. § 157(c)(1), or their objection to "core" jurisdiction was waived.  Because of the lack of "core" jurisdiction and the issuance of a judgment by an Article I court on the Trustee's (1) private rights state law claims, or (2) common law actions, such as state and federal fraudulent transfer claims, are "constitutionally" barred from being adjudicated by an Article I court, RNI-NV submits that the final judgment of June 3, 2011 must be vacated.  [Id. at 4-5.]

### A.   Subject Matter Jurisdiction May Be Raised At Any Time

Appellant states that a challenge to the subject matter

4

jurisdiction of a court can be raised at any time, especially
where, as in the case at bar, the question as to the
constitutional jurisdiction of bankruptcy court to enter a final
judgment was decided after the entry of the bankruptcy court
judgment. [<u>Id.</u> at 5-7.]

### B. <u>No Article I Jurisdiction to Enter Judgment for Non-Core Private Rights or Common Law Claims</u>

Core proceedings are those that either arise under
Title 11 or arise in a bankruptcy case. A proceeding is not core
if it is "otherwise related to a case under title 11." 28 U.S.C.
§ 157(c)(l). Appellant argues that, here, the only federal
bankruptcy claim, 11 U.S.C. § 548, was dismissed before the entry
of the final judgment on June 3, 2011. After <u>Stern</u>, "it is
problematic whether an Article I court could issue a final
judgment even on a § 548, federal law fraudulent transfer claim."
[<u>Id.</u> at 15.] Even if Appellant statutorily "consented" to the
core jurisdiction, or waived its right to object to the
bankruptcy court's core jurisdiction, since the Trustee was
adjudicating only state law claims, § 414-111(c) and § 651C-4,
and before its dismissal, a federal fraudulent transfer claim, 11
U.S.C. § 548, there was no "core" jurisdiction for the Article I
bankruptcy court to enter a final judgment against. [<u>Id.</u> at 16.]

Appellant argues that the two counts adjudicated in the
final judgment were private rights, state law claims, which were
available to any creditor of Maui Industrial prior to the

filing of the Chapter 7 petition.  It argues that a bankruptcy trustee is given standing under § 544(b) to prosecute the state law or common law claims, such as Counts I and II in bankruptcy court, and that raises the issue as to the constitutional authority of the bankruptcy court to enter a judgment on these state law claims, brought by the Trustee under § 544(b) of the Code.  [Id. at 18.]

### C.  **Vacating Judgment**

Next, Appellant contends that the case law is uncertain as to whether a bankruptcy judge, who has exceeded his authority and improperly issued a final judgment in non-core proceedings, may simply turn or vacate a final judgment into a Federal Rule of Bankruptcy Procedure Rule 9033 Report and Recommendation.  Under Rule 9033(d), the district court judge may exercise considerable discretion in determining how to proceed.  Here, Appellant argues that, since the bankruptcy court did not constitutionally have subject matter jurisdiction to issue a final judgment in the Trustee's Count I, § 414-111(c), and Count II, § 641C-4 claims, the final judgment of June 3, 2011 must be vacated.

## II.  **Appellee's Opposition and Countermotion**

The Countermotion asks the Court to dismiss the Appeal, or in the alternative, to strike portions of Appellant's Reply Brief in the Appeal.

**A.** **Opposition to Appellant's Motion**

The Trustee argues that the recent holding in <u>Stern</u> does not apply here because the claims arose out of the bankruptcy itself, and would be resolved in the claims allowance process. According to the Trustee, <u>Stern</u> held that the bankruptcy court below lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim. The Trustee argues that <u>Stern</u> is inapposite to this case for three reasons:

- First, because RNI filed a proof of claim against the bankruptcy estate, (Ex. A attach. hereto), Trustee's action would necessarily be resolved in the claims allowance process;
- Second, the bankruptcy court entered a final judgment on Trustee's claims to avoid transfers to RNI, which Trustee brought pursuant to section 544(b) of the Bankruptcy Code. (Dkt.#9-1). As such, the claims stem from the bankruptcy itself; and
- Third, RNI consented to the bankruptcy court entering final judgment on Trustee's claims.

[Mem. in Opp. at 4-5.]

**B.** **Countermotion**

**1.** **Dismissal**

The Trustee's Countermotion argues that this Court does not have jurisdiction over the Appeal based on Appellant's failure to file a timely notice of appeal from the final

judgment.[1]  He states that, whether the bankruptcy court had

authority to enter a final judgment in the case is irrelevant to

whether this Court has subject matter jurisdiction over the

Appeal.  Further, he argues that Appellant's reliance on Federal

Rule of Bankruptcy Procedure 8003(c) is misplaced.  Appellant

filed a notice of appeal from the bankruptcy court's

interlocutory Decision, but it failed to file any notice of

---

[1] In the Trustee's Brief filed in the underlying Appeal on
August 29, 2011, he argues in greater detail that this Court does
not have jurisdiction to hear the untimely Appeal.  The Trustee
argues that, Federal Rule of Bankruptcy Procedure 8002(a), which
provides that "A notice of appeal filed after the announcement of
a decision or order but before entry of the judgment, order, or
decree shall be treated as filed after such entry and on the day
thereof," does not apply here.  [Appellee's Br. at 4-5 (dkt. no.
10).]  The Trustee claims that the premature Notice of Appeal
here may not be deemed timely because the bankruptcy court had
not finally disposed of all of the claims at the time of the
appeal, and that, the May 16, 2011 Decision could not be
appealable if immediately followed by the entry of judgment
because the Decision could not form the basis of a final judgment
without subsequent intervention by the bankruptcy court to
dismiss the remaining claims.  [Id. at 8.]  Further, the Decision
was not final because it did not fix the amount of prejudgment
interest, rather, it simply stated the formula for calculating
the interest.  Not until the bankruptcy court entered final
judgment on June 3, 2011 did it fix the amount of prejudgment
interest.  [Id. at 8-9.]
      The Trustee argues that, under Federal Rule of
Bankruptcy Procedure 8002(a) and Federal Rule of Appellate
Procedure 4(a)(2), a premature notice of appeal is valid when all
that remains is the clerk's ministerial task of entering
judgment.  Here, the premature notice was not valid because the
matter of prejudgment interest was not decided until June 3, 2011
and Appellants did not file a new notice of appeal subsequent to
the entry of judgment.  Thus, the bankruptcy court here had not
yet completed its adjudication of the Trustee's remaining claim
and the amount of prejudgment interest.  Appellant did not file a
notice of appeal within fourteen days after the bankruptcy court
entered its final judgment.  [Id. at 10-12.]

appeal from the bankruptcy court's final judgment – timely or otherwise. As such, the final judgment is not before this Court. Thus, the Trustee argues that, even if this Court were to grant Appellant leave to file its interlocutory appeal from the Decision, the bankruptcy court's final judgment would remain in full force and effect. This Court cannot vacate that judgment. Where the appellant fails to timely file a notice of appeal, the district court should dismiss the appeal. [Id. at 21-23.]

The Trustee also argues that Appellant failed to comply with numerous court rules and failed to cure the defects brought to its attention. The Trustee cites Ninth Circuit case law dismissing appeals for failure to comply with the rules of court. [Id. at 24-25 (citing Community Commerce Bank v. O'Brien (In re O'Brien), 312 F.3d 1135, 1136-37 (9th Cir. 2002) (dismissal warranted by insufficient record and improper brief format and content); N/S Corp. v. Liberty Mut. Ins. Co., 127 F.3d 1145, 1146 (9th Cir. 1997) ("We might have been inclined to overlook all of [appellant's defects], but after Liberty Mutual pointed to these failures, and others, in a motion to dismiss, N/S did not even deign to respond. . . . Enough is enough. We strike the N/S briefs and dismiss its appeal.").] Based on Appellant's failure to correct its defects, the Trustee argues that the Court should dismiss the Appeal. [Id. at 25.]

### 2. **Request to Strike Appellant's Motion**

In his Countermotion, the Trustee also asks the Court to strike Appellant's Motion because the Court does not have jurisdiction over the Appeal, and, therefore, has no jurisdiction to hear the Motion. The Trustee argues that the issue that Appellant raises in its Motion does not implicate the bankruptcy court's subject matter jurisdiction, and Appellant cannot belatedly raise it. Moreover, nothing in the record on appeal indicates that Appellant raised this issue before the bankruptcy court, and it clearly did not raise the issue in this Appeal in its initial brief, even though it could have. As such, Appellant should not be allowed to, in effect, file a second opening brief to raise this issue. The Trustee therefore requests the Court strike the Motion.

### 3. **Request to Strike Appellant's Reply Brief**

Additionally, the Trustee asks the Court to strike the portions of Appellant's reply brief that relate to the <u>Stern</u> case and raise the issue of the bankruptcy court's authority to enter final judgment. Such new issues should not be raised for the first time in a reply brief and should be stricken.

In sum, the Trustee requests that this Court dismiss the Appeal, and, in the alternative, to strike both Appellant's Motion and those portions of its reply brief raising the issue of the bankruptcy court's authority to enter a final judgment.

## II.  **Appellant's Reply and Opposition to Countermotion**

### A.  **Reply to Motion**

Appellant argues that the prosecution of the Trustee's claim in the adversary proceeding below would not resolve its filed proof of claim, and, therefore only an Article III court can render final judgment.  Appellant contends that as a defendant-claimant, it is entitled to a final judgment rendered by an Article III judge, where the affirmative relief is based on state common law claims, even though it has filed a proof of claim.  [Reply at 2-3.]

With respect to whether it consented, Appellant denies that it consented to an Article I judge entering a final judgment on Counts I and II, or that it could constitutionally consent to such Article I jurisdiction.  [Id. at 13.]

Appellant then argues that this Court cannot treat the bankruptcy court's Decision as a Report and Recommendation because it would be an impermissible circumvention of Rule 9033. The Rule 9033 process, as distinguished from a 28 U.S.C. § 157(d) appeal process, proposes an entirely different procedure and standard of review; even before the bankruptcy judge's Findings, Conclusions and Recommendation reaches the Article III judge, Rule 9033 provides for a more interactive process than simply converting the existing May 16, 2011 Decision into a Rule 9033 Report.  [Id. at 16-17.]

B. **Opposition to Countermotion**

Appellant maintains that under Rule 8002(a), its Notice of Appeal filed after entry of the May 16, 2011 Decision is treated as filed after the entry of judgment. It argues that the fact that Count III had not been disposed of when the Notice of Appeal was filed on May 27, 2011, is covered by Rule 8003(c), providing for the filing of a motion for leave to appeal, which states as follows:

> (c) Appeal Improperly Taken Regarded as a Motion for Leave to Appeal. If a required motion for leave to appeal is not filed, but notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 14 days of entry of the order.

This Court could consider the May 27, 2011 Notice of Appeal as a Motion for Leave to Appeal under Rule 8003(c). Appellant seeks the discretion of the Court to administer the May 27, 2011 Notice of Appeal, as a Motion for Leave to File a Notice of Appeal of the resolved counts as of May 27, 2011, Counts I, II and IV. [Id. at 20-21.]

As to the other matters raised in the Trustee's opposition, including the form of Appellant's briefs, Appellant argues that those objections would be moot if the Court grants

the Motion. "In light of the major constitutional issues raised by this Motion, [Appellant] will defer responding to the Trustee's technical objections, if the Court denies this Motion to Vacate Judgment." [Id. at 22.]

## III. **Trustee's Reply to Countermotion**

The Trustee states that he "asks this Court to dismiss this appeal on two grounds: 1) This Court does not have appellate jurisdiction; and 2) RNI's failure to comply with numerous court rules." [Reply to Countermotion at 2.]

As to Appellant's argument that the Court may exercise appellate jurisdiction pursuant to Rule 8002(a), the Trustee maintains that the rule does not apply to this Appeal.

As to Appellant's argument that this Court could consider the May 27, 2011 Notice of Appeal as a Motion for Leave to Appeal Under Rule 8003(c), it fails to cite a single authority wherein a court has applied this rule after the bankruptcy court has entered a final judgment; that is, where the appeal is no longer interlocutory. Indeed, application of this rule is appropriate when "an appeal would materially advance resolution of the dispute and minimize further litigation expenses." [Id. at 3 (quoting Cutter v. Seror (In re Cutter), 398 B.R. 6, 16-17 (9th Cir. BAP 2008)).] Appellant argues that the bankruptcy court has already entered a final judgment in this case, and that Appellant has not appealed from that judgment and therefore, that

judgment is not before the Court. [<u>Id.</u> at 4.]

With regard to the second ground on which Trustee seeks dismissal of this appeal, Appellant has deferred responding to the Trustee's technical objections. The Trustee states that he

> is unsure exactly when RNI intends to finally getting around to responding to Trustee's complaints regarding RNI's multiple failures to follow court rules. It did not respond to those complaints in its Reply Brief and now it expressly refuses to respond to Trustee's countermotion. Moreover, RNI may consider its numerous failures to follow the rules as "technical" but Trustee does not. Trustee was placed at a significant disadvantage when trying to respond to RNI's grossly deficient Opening Brief and Appendix of the record on appeal.

[<u>Id.</u>]

The Trustee also contends that Appellant wholly ignores the Countermotion, and that it does not dispute Trustee's arguments that it failed to timely raise the issue of whether the bankruptcy court may enter a final judgment and therefore has waived it. [<u>Id.</u>]

## **DISCUSSION**

## I. **The Appeal Is Dismissed for Lack of Appellate Jurisdiction**

The Trustee maintains that this Court does not have jurisdiction to hear the Appeal because Appellant did not timely file its Notice of Appeal. "[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." <u>In re Wiersma</u>, 483 F.3d 933, 938 (9th Cir. 2007) (citation and quotation marks omitted); <u>see also In re Mouradick</u>,

14

13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

Under Fed. R. Bankr. P. 8002, relating to the time for filing a notice of appeal,

> (a) Fourteen-day period
> The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from. If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within 14 days of the date on which the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever period last expires. A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof. If a notice of appeal is mistakenly filed with the district court or the bankruptcy appellate panel, the clerk of the district court or the clerk of the bankruptcy appellate panel shall note thereon the date on which it was received and transmit it to the clerk and it shall be deemed filed with the clerk on the date so noted.
>
> (b) Effect of motion on time for appeal
> If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion:
>
> > (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
> > (2) to alter or amend the judgment under Rule 9023;
> > (3) for a new trial under Rule 9023; or
> > (4) for relief under Rule 9024 if the motion

15

is filed no later than 14 days after the
entry of judgment.  A notice of appeal filed
after announcement or entry of the judgment,
order, or decree but before disposition of
any of the above motions is ineffective to
appeal from the judgment, order, or decree,
or part thereof, specified in the notice of
appeal, until the entry of the order
disposing of the last such motion
outstanding.  Appellate review of an order
disposing of any of the above motions
requires the party, in compliance with Rule
8001, to amend a previously filed notice of
appeal.  A party intending to challenge an
alteration or amendment of the judgment,
order, or decree shall file a notice, or an
amended notice, of appeal within the time
prescribed by this Rule 8002 measured from
the entry of the order disposing of the last
such motion outstanding.  No additional fees
will be required for filing an amended
notice.

In the instant matter, the parties do not dispute that
the Notice of Appeal was filed before the entry of final
judgment, and that no subsequent notice of appeal was filed
within fourteen days thereof.  This district court has recognized
that there are some circumstances in which a premature appeal may
nonetheless confer jurisdiction on the court.

Specifically, Bankruptcy Rule 8002(a)
provides that "[a] notice of appeal filed after
the announcement of a decision or order but before
entry of the judgment, order, or decree shall be
treated as filed after such entry and on the day
thereof."  Bankruptcy Rule 8002 was designed to
conform with Federal Rule of Appellate Procedure
4(a)(2), and as such, the two rules are construed
consistently.  See Fed. R. Bankr. P. 8002, 1991
Advisory Committee's Note; In re Arrowhead Estates
Dev. Co., 42 F.3d 1306, 1311 (9th Cir. 1994).  The
Supreme Court has explained that Appellate Rule
4(a)(2) applies to only those orders that would be

16

appealable but for the ministerial task of entry of judgment:

> In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise.
>
> FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269, 276, 111 S. Ct. 648, 112 L. Ed. 2d 743 (1991); see also In re Jack Raley Const., Inc., 17 F.3d 291, 294 (9th Cir. 1994) ("A premature notice of appeal is valid when all that remained was the clerk's ministerial task of entering a Rule 58 judgment." (citation and quotation signals omitted)). Accordingly, to fall within the safe harbor of Bankruptcy Rule 8002(a), the order prematurely appealed from must fully determine the issue at hand such that it is reasonable for the appellant to believe that his time to appeal has begun.

In re Kyung Sook Kim, 433 B.R. 763, 776 (D. Hawai'i 2010); see also United States v. Cooper, 135 F.3d 960, 963 (5th Cir. 1998) ("Only where the appealing party is fully certain of the court's disposition, such that the entry of final judgment is predictably a formality, will appeal be proper.").

Here, the parties dispute the applicability of the safe harbor provision of Rule 8002(a). The Trustee argues that the Decision was not final because Count III remained and the Decision did not fix the amount of prejudgment interest; rather,

it simply stated the formula for calculating the interest, and not until the bankruptcy court entered final judgment on June 3, 2011, did it fix the amount of prejudgment interest. According to the Trustee, the bankruptcy court had not yet completed its adjudication of the Trustee's remaining claim and the amount of prejudgment interest, which were more than ministerial tasks. Appellant argued at the hearing that the Trustee should be equitably estopped from making this argument because he prepared the final judgment that the bankruptcy court entered.

The Court acknowledges that, under the unique facts and circumstances of this case, Appellant's "confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise." FirsTier Mortg. Co. v. Investors Mortg. Ins. Co., 498 U.S. 269, 276 (1991); see also In re Defender Drug Stores, Inc., 127 B.R. 225, 232 (9th Cir. BAP 1991) ("Fed. R. App. P. 4(a)(2) was intended to codify the general practice of deeming certain premature notices of appeal effective. The Rule recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal." (citing FirsTier Mortgage Co., 111 S. Ct. at 651)). A leading treatise observes that,

> [c]ases both before and after FirsTier have held
> that when the court announces the disposition of

18

fewer than all claims and a notice of appeal is
filed referencing that disposition, the notice can
relate forward to effect an appeal from that
disposition as encompassed in a subsequent final
judgment disposing of all claims against all
parties.  Such an appellant should note, however,
that to the extent it wishes to challenge the
disposition of claims that were not disposed of
until the final judgment, it must make sure to
file a notice of appeal, or amended notice of
appeal, that encompasses that disposition.

16A Charles Allen Wright, Arthur R. Miller, Edward H. Cooper,

Catherine T. Struve, <u>Federal Practice and Procedure</u> § 3950.5 (4th

ed. 2008) (footnotes omitted).  The Ninth Circuit explained that,

> In cases decided after <u>FirsTier</u>, we have held
> that the subsequent events doctrine can cure a
> prematurely filed appeal of a clearly
> interlocutory order.  <u>See, e.g.</u>, <u>Special Invs.</u>
> <u>Inc. v. Aero Air Inc.</u>, 360 F.3d 989, 993 (9th Cir.
> 2004) ("[A] prematurely filed notice of appeal can
> be cured if the rest of the claims are disposed of
> in a subsequent final decision terminating the
> litigation."); <u>Eastport Assocs. v. City of L.A.</u>
> <u>(In re Eastport Assocs.)</u>, 935 F.2d 1071, 1075 (9th
> Cir. 1991) ("[T]he rule in this circuit [is] that
> once a final judgment is entered, an appeal from
> an order that otherwise would have been
> interlocutory is then appealable."). . . .  In
> relying on the subsequent events doctrine, the
> court stated: "We take a pragmatic approach to
> finality in situations where events subsequent to
> a nonfinal order fulfill the purposes of the final
> judgment rule."

<u>Gonzales v. Texaco Inc.</u>, Nos. 07-17123, 07-17124, 2009 WL

2494324, at *2 (9th Cir. 2009) (some citations omitted).

In the instant case, however, the Court cannot treat

the prematurely filed Notice of Appeal as timely because the

matters remaining to be determined were more than "ministerial

tasks" under Ninth Circuit precedent.  In the controlling case,

In re Jack Raley Construction, Inc., 17 F.3d 291 (9th Cir. 1994),

the Ninth Circuit considered, under Fed. R. App. P. 4(a)(2) and

the United States Supreme Court's decision in FirsTier, whether

it had jurisdiction when the notice of appeal was filed prior to

the entry of judgment.  The Ninth Circuit framed the issue as

follows:

> We must construe this exception in light of
> the teachings of FirsTier, 498 U.S. at 276, 111 S.
> Ct. at 652, in which the Court delineated the
> circumstances under which an appeal taken prior to
> the entry of judgment by a district court
> qualifies as a timely appeal under Rule 4(a)(2):
>
> In our view, Rule 4(a)(2) permits a notice of
> appeal from a nonfinal decision to operate as a
> notice of appeal from the final judgment only when
> a district court announces a decision that *would
> be* appealable if immediately followed by the entry
> of judgment.

Id. at 292.

In the Jack Raley Construction case, a Chapter 7

bankruptcy proceeding was removed to the district court.  On

July 23, 1992, the district court granted summary judgment in

favor of the trustee.  Id. at 293.  The July 23, 1992 order did

not address pre-judgment interest.  Id.  Thereafter,

> [o]n August 25, the Fund filed a written objection
> to the inclusion of pre-judgment interest,
> requesting "an opportunity to brief and argue the
> issue of whether pre-judgment interest is
> available to Plaintiff."  [Excerpts of Record] at
> 65.  On October 2, without scheduling additional
> briefing or argument, the district court entered
> judgment in favor of the Appellee in the amount of

20

> $135,206.24, plus pre-judgment interest of
> $24,095.16. Although the Fund's notice of appeal
> was filed six weeks before the entry of judgment
> and the resolution of the pre-judgment interest
> issue, the Fund did not file a new notice of
> appeal subsequent to the entry of judgment.

Id. The Ninth Circuit began its analysis by analyzing whether the July 23, 1992 order qualified "under Rule 4(a)(2) as a 'decision that *would be* appealable if immediately followed by the entry of judgment.' FirsTier, 498 U.S. at 276, 111 S. Ct. at 652." Id. at 294. The Ninth Circuit answered the question in the negative.

> A premature notice of appeal is valid when
> "[a]ll that remained was the clerk's ministerial
> task of entering a Rule 58 judgment." American
> Totalisator Co. v. Fair Grounds Corp., 3 F.3d 810,
> 813 (5th Cir. 1993). The premature notice here
> was not valid because the matter of pre-judgment
> interest was not decided until October, long after
> the notice of appeal had been filed. Making this
> decision was more than a ministerial act to be
> performed by the Clerk of Court and routinely
> executed by the judge, it required adjudication of
> a contested issue not raised or resolved in the
> July 23 order.

Id. The court emphasized that "the district court here had not yet completed its adjudication. It had not yet decided all of the issues that were eventually incorporated into its final judgment entered October 2, specifically the issue of pre-judgment interest." Id.

The Ninth Circuit discussed the purpose of Rule 4(a)(2)'s "very narrow exception" and the appellant's failure to file a notice of appeal after the entry of judgment:

Furthermore, "Rule 4(a)(2) was intended to protect the unskilled litigant who files a notice of appeal from a decision that he [or she] reasonably but mistakenly believes to be a final judgment, while failing to file a notice of appeal from the actual final judgment." <u>FirsTier</u>, 498 U.S. at 276, 111 S. Ct. at 652. We are unwilling to conclude that the Appellants were lulled into the reasonable but mistaken belief that their August 13 notice of appeal was efficacious. . . .

The appeal process was within the exclusive control of Appellants. They were required to follow the time constraints of the general rule, Rule 4(a)(1) and could rely on the exception provided in Rule 4(a)(2) only if the precise teachings of <u>FirsTier</u> were respected. Where there is some doubt about the application of an exception to the general rule, the prudent course of action is merely to file a fresh appeal after entry of final judgment. The Appellants failed to do so and instead gambled on the premise that this case did fit within Rule 4(a)(2)'s very narrow exception.

Accordingly, we conclude that the district court did not render a decision on July 23, 1992 that would have been appealable if immediately followed by the entry of judgment. Therefore, the Fund's August 13 notice of appeal was premature.

<u>Id.</u> at 495-95.

Subsequent cases within the Ninth Circuit have adhered to the <u>Jack Raley Construction</u> case's harsh holding with respect to pre-judgment interest and outstanding claims, and dismissed prematurely filed appeals. <u>See, e.g.</u>, <u>Kaddis v. Cnty. of Ventura</u>, No. 05-56649, 2007 WL 1800674, at *11 (9th Cir. June 19, 2007) (dismissing appeal where the order appealed from could not form the basis of a final judgment without subsequent intervention by the district court to dismiss the stayed claims);

<u>cf.</u> <u>Kennedy v. Applause, Inc.</u>, 90 F.3d 1477, 1482–83 (9th Cir. 1996) (holding that where the district court issued an order granting sanctions and holding that the prevailing party was entitled to attorney's fees and costs, but did not set the amount of the award, the ruling would not have been appealable if immediately followed by entry of judgment, and therefore, a notice of appeal filed by the other party after the ruling but before entry of a final order was invalid).

This district court has recognized the impact of <u>FirstTier</u> to limit a more expansive view of appellate jurisdiction:

> Several courts have recognized that this rule [validating appeals of interlocutory orders once judgment is entered] is now limited and/or abrogated by <u>FirsTier</u>. <u>See</u> <u>Outlaw v. Airtech Air Conditioning Heating, Inc.</u>, 412 F.3d 156, 160 (D.C. Cir. 2005) ("We agree with decisions concluding that those prior lines of precedent [providing a broad understanding of when a premature notice of appeal could become effective] must be limited in light of <u>FirsTier</u>."); <u>United States v. Cooper</u>, 135 F.3d 960, 963 (5th Cir. 1998) ("[W]e recognize that in light of <u>FirsTier</u>, this expansive view of appellate jurisdiction [allowing consideration of a premature appeal where judgment becomes final prior to disposition of the appeal] cannot survive."); <u>see also</u> <u>Adapt of Phila. v. Phila. Housing Auth.</u>, 433 F.3d 353, 364 (3d Cir. 2006) (explaining the differences between <u>FirstTier</u> and its premature appeal doctrine, which applies only where "the refusal to exercise jurisdiction would elevate a mere technicality above important substantive issues," and finding that the <u>FirsTier</u> analysis applies to interlocutory discovery orders).

<u>In re Kyung Sook Kim</u>, 433 B.R. at 777-78 (some alterations in

<u>Kyung Sook Kim</u>).

Courts in other circuits, however, have held that a
notice of appeal filed after a ruling on liability can ripen so
as to effect an appeal once a judgment fixing damages has been
entered. <u>See, e.g.</u>, <u>DL Res., Inc. v. FirstEnergy Solutions
Corp.</u>, 506 F.3d 209, 216 (3d Cir. 2007) ("FirstEnergy's premature
notice of appeal ripened on December 19, 2005, when the District
Court entered the amended judgment order quantifying the damage
award."); <u>Pods Inc. v. Porta Stor Inc.</u>, 484 F.3d 1359, 1365 (Fed.
Cir. 2007) (holding that where a notice of appeal is filed after
a jury verdict but before a trial court order doubling damages
after post-trial briefing, the appeal of all issues was preserved
because the notice of appeal related forward under <u>FirsTier</u>).

Commentators have acknowledged the circuit split
regarding the applicability of Rule 4(a)(2).  One article
examines the outcome where a notice of appeal is filed from an
order that leaves open the issue of the calculation of interest,
and explains that, whether the notice of appeal ripens "depends
upon the circuit in which the case is heard."  Peter Afrasiabi,
<u>The Growing Circuit Split Over Whether Premature Notices of
Appeal Preserve Appellate Review</u>, Federal Lawyer (July 2008), at
45.  It explains that, in the Eighth and Ninth Circuits, the
calculation of prejudgment interest is not considered a
ministerial task, although the Fourth Circuit has held such

24

appeals valid.  "In any event, what is clear is that appellate review rights are lost when such a case is heard by the Eighth and Ninth Circuit; however, on essentially the same facts, appellate review is not lost in the Fourth Circuit."  Id.  The same article summarizes the application of the rule as follows:

> If substantive work remains, as when assessing interest or costs in cases in which substantive decisions need to be made (such as the amount of the interest, the amount of the costs, and the like) in order to finalize that issue, then a premature notice of appeal will not relate forward and preserve appellate review.  In such cases, substantive work remains to be done, rather than simply performing a ministerial act of entering judgment.

Id. at 46.

Here, the Decision fixed the pre-judgment interest rate at Hawaii's ten percent rate "from the date on which the transfers were made," but made no factual finding regarding the date on which the transfers were made.  [Decision at 11.] The amount of pre-judgment interest, therefore, could not be calculated prior to the entry of final judgment.  Further, the Decision did not dispose of Count III.  Here, as in Jack Raley, more than the ministerial task of entering judgment remained.

The Court emphasizes that it is constrained by Ninth Circuit precedent, and CONCLUDES that the safe harbor provision of Fed. R. Bankr. P. 8002(a) does not apply here to the prematurely filed Notice of Appeal.  Although the Court accepts that the Appellant reasonably believed the prematurely filed

Notice of Appeal was timely and effective, the federal rules regarding the time of appeals are strictly construed. Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir. 1988). The Court recognizes that jurisdictional filing requirements "necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them[.]" Houston v. Lack, 487 U.S. 266, 282 (1988) (citation omitted). This Court, however, may only proceed within the boundaries previously set before it.

The Court also concludes that Fed. R. Bankr. P. 8003(c) does not cure the prematurely filed Notice of Appeal. Appellant argues that the fact that Count III had not been disposed of when the Notice of Appeal was filed on May 27, 2011, is covered by Rule 8003(c), providing for the filing of a motion for leave to appeal, which states as follows:

> (c) Appeal Improperly Taken Regarded as a Motion for Leave to Appeal. If a required motion for leave to appeal is not filed, but notice of appeal is timely filed, the district court or bankruptcy appellate panel may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court or the bankruptcy appellate panel may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal. Unless an order directing that a motion for leave to appeal be filed provides otherwise, the motion shall be filed within 14 days of entry of the order.

Appellant seeks the discretion of the Court to administer the May 27, 2011 Notice of Appeal, as a Motion for Leave to File a Notice of Appeal of the resolved counts as of May 27, 2011,

Counts I, II and IV.

The Trustee argues that Appellant's reliance on Rule 8003(c) is misplaced. Appellant filed a notice of appeal from the bankruptcy court's interlocutory Decision, but it failed to file any notice of appeal from the bankruptcy court's final judgment – timely or otherwise. As such, the final judgment is not before this Court. Thus, the Trustee argues that, even if this Court were to grant Appellant leave to file its interlocutory appeal from the Decision, the bankruptcy court's final judgment would remain in full force and effect. The Court agrees with the Trustee on this point, and FINDS that Fed. R. Bankr. P. 8003(c) does not apply.

Accordingly, the Court FINDS that it is without jurisdiction to hear the Appeal based on the May 27, 2011 Notice of Appeal, and HEREBY DISMISSES the Appeal.

## II.  <u>Remaining Issues</u>

Because the Court lacks appellate jurisdiction, it does not reach the remaining issues raised in the Motion and Countermotion, including the applicability of <u>Stern</u> in the instant case.  <u>See</u> <u>In re Mouradick</u>, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

## CONCLUSION

On the basis of the foregoing, Appellant RNI-NV Limited Partnership's Appeal is HEREBY DISMISSED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 30, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANE S. FIELD V. RNI-NV LIMITED PARTNERSHIP, ET AL; CIVIL NO. 11-00364 LEK-BMK; ORDER DISMISSING APPEAL**