IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Case No. 10-00235 (Chapter 7) )<br>In re MAUI INDUSTRIAL LOAN & )<br>FINANCE CO., )<br> )<br>       Debtor. )<br>_____ )<br>DANE S. FIELD, Trustee, )<br> )<br>      Plaintiff-Appellee, )<br> )<br>   vs. )<br> )<br>RNI-NV LIMITED PARTNERSHIP, a )<br>Nevada Limited Partnership, )<br>and MAUI INDUSTRIAL LOAN & )<br>FINANCE COMPANY, INC., a )<br>Hawaii corporation, )<br> )<br>      Defendants- )<br>      Appellant. )<br>_____ ) | CIVIL NO. 11-00364 LEK-BMK<br><br>(Adv. No. 10-90069) |

**ORDER DENYING APPELLANT RNI-NV LIMITED PARTNERSHIP'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(E), F.R.CIV.P. [DKT. NO. 30]; GRANTING APPELLANT'S MOTION FOR LEAVE TO FILE LATE PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL OF NOVEMBER 30, 2011, OR, IN THE ALTERNATIVE, MOTION TO RETROACTIVELY EXTEND THE TIME TO FILE PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL PURSUANT TO RULE 26(B) AND RULE 40(A) F.R.APP.P. [DKT. NO. 37]; GRANTING APPELLEE DANE S. FIELD, TRUSTEE'S MOTION TO STRIKE A PORTION OF APPELLANT'S REPLY TO APPELLEE'S OPPOSITION TO MOTION FOR RECONSIDERATION [DKT. NO. 41]; AND GRANTING TRUSTEE'S MOTION TO STRIKE A PORTION OF APPELLANT'S REPLY TO APPELLEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE LATE PETITION FOR REHEARING [DKT. NO. 44]**

Before the Court are four matters in this bankruptcy appeal: (1) Appellant RNI-NV Limited Partnership's ("Appellant" or "RNI-NV") Motion For Reconsideration Pursuant to Rule 59(e),

F.R.Civ.P. ("Motion for Reconsideration"), filed on December 21, 2011 [dkt. no. 30]; (2) Appellant's Motion for Leave to File Late Petition for Rehearing or Motion for Reconsideration of Order Dismissing Appeal of November 30, 2011, or, in the Alternative, Motion to Retroactively Extend the Time to File Petition for Rehearing or Motion for Reconsideration of Order Dismissing Appeal Pursuant to Rule 26(b) and Rule 40(a) F.R.App.P., filed January 26, 2011 ("Motion for Leave") [dkt. no. 37]; (3) Appellee Dane S. Field, Trustee's ("Appellee" or "the Trustee") Motion to Strike a Portion of Appellant's Reply to Appellee's Opposition to Motion for Reconsideration ("First Motion to Strike"), filed on February 8, 2012 [dkt. no. 41]; and (4) the Trustee's Motion to Strike a Portion of Appellant's Reply to Appellee's Opposition to Motion for Leave ("Second Motion to Strike"), filed on February 15, 2012 [dkt. no. 44]. The Trustee filed his memorandum in opposition to the Motion for Reconsideration on January 9, 2012, and Appellant filed its reply on January 26, 2012. The Trustee filed his memorandum in opposition to the Motion for Leave on February 8, 2012, and Appellant filed its reply on February 14, 2012. Appellant filed its response to the First Motion to Strike on February 14, 2012 and its response to the Second Motion to Strike on February 16, 2012.

The Court finds these matters suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of

Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the motions, supporting and opposing memoranda, and the relevant legal authority, Appellant's Motion for Reconsideration is HEREBY DENIED for the reasons set forth below.  The Court HEREBY GRANTS Appellant's Motion for Leave and the Trustee's First and Second Motions to Strike.

## BACKGROUND

Appellant seeks reconsideration of the Court's November 30, 2011 Order Dismissing Appeal ("Order").  The parties and the Court are familiar with the factual and procedural background of this case.  The Court therefore will only discuss the background that is relevant to the instant motions.

In the Chapter 7 proceedings below, the Trustee brought an adversary proceeding against RNI-NV seeking to recover funds that the debtor, Maui Industrial Loan & Finance Company, Inc. ("Maui Industrial"), paid to RNI-NV (Adv. Pro. No. 10-90069). The complaint in the adversary proceeding alleged four counts, including: (1) violation of the Hawaii Business Corporations Act, Haw. Rev. Stat. § 414-111(c) (Count I); (2) violation of the Hawaii Uniform Fraudulent Transfer Act, Haw. Rev. Stat. Chapter 651C (Count II); (3) violation of 11 U.S.C. § 548 (Count III); and (4) transferee liability pursuant to 11 U.S.C. § 550 (Count IV).  The Trustee sought summary judgment on Counts I, II, and

IV.  The bankruptcy judge granted the Trustee's motion for
summary judgment in a May 16, 2011 Memorandum of Decision.  On
June 1, 2011, the parties stipulated to dismiss Count III.  RNI-
NV filed its Notice of Appeal on May 27, 2011 ("Notice of
Appeal"), appealing the May 16, 2011 Decision ("Appeal").  The
bankruptcy court entered final judgment on June 3, 2011.

In its Order, this Court dismissed the Appeal for lack
of appellate jurisdiction, concluding that the Notice of Appeal
was untimely pursuant to Fed. R. Bankr. P. 8002 and 8003.
Judgment issued on November 30, 2011.  The instant motions
followed.

I.  **Appellant's Motion for Reconsideration**

Appellant initially seeks reconsideration pursuant to
Fed. R. Civ. P. 59(e), arguing that the dismissal of the Appeal
must be reconsidered, vacated, or the entire appellate case
remanded to the bankruptcy court for the entry of a Report and
Recommendation by the Article I Judge.  [Mem. in Supp. of Motion
for Recon. at 1.]  Appellant repeats its previous arguments that
the bankruptcy court did not have the authority to enter a final
judgment based on the United States Supreme Court decision in
Stern v. Marshall, 131 S. Ct. 2594 (2011), and argues that Stern
constitutes an "intervening change in the controlling law" for
Rule 59(e) purposes.  It also argues for the first time that its
Notice of Appeal was timely under applicable Ninth Circuit

4

precedent, including <u>In re Bonham</u>, 229 F.3d 750 (9th Cir. 2000).

### A. <u>The Trustee's Opposition</u>

The Trustee first argues that Appellant's Motion for Reconsideration was filed on December 21, 2011, seven days after the deadline for filing such a motion.  He argues that, although Appellant asserts it filed the Motion for Reconsideration pursuant to Fed. R. Civ. P. 59(e), the rule does not apply to a district court sitting as an appellate court in bankruptcy proceedings.  Rather, the Trustee argues that Fed. R. Bankr. P. 8015 applies, which provides in pertinent part: "Unless the district court . . . by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14 days after entry of the judgment of the district court[.]"  [Mem. in Opp. to Motion for Recon. at 3-4.]  The Trustee asserts that a motion improperly filed pursuant to Rule 59(e) should be "treated as a motion for rehearing under Bankruptcy Rule 8015."  [<u>Id.</u> at 4 (citing <u>ECC Sys., Inc. v. Mallinckrodt Inc. (In re ECC Sys., Inc.)</u>, 2009 WL 1028061, at *1 (9th Cir. 2009)).]  Because Appellant filed its motion twenty-one days after entry of this Court's Order and judgment, the Trustee argues that the Motion for Reconsideration was filed beyond the fourteen-day time limit set forth in Rule 8015 and is untimely.  [<u>Id.</u> at 4.]

With respect to the merits, the Trustee argues that

5

<u>Stern</u> is not an "intervening change in the law," because it was decided on June 23, 2011, before the parties filed their briefs in the instant Appeal, and was expressly raised in the briefing and oral argument before this Court. [<u>Id.</u> at 5-7.] He also argues that Appellant did not previously raise its arguments regarding the Ninth Circuit's "pragmatic and flexible finality" standard, and has therefore waived them, but in any event, the standard does not apply to bankruptcy adversary proceedings. [<u>Id.</u> at 8-9.]

### B.  <u>Appellant's Reply</u>

In its reply, Appellant argues that its Motion for Reconsideration may be considered on its merits as this Court can waive or excuse strict compliance with the "practice and pleading" Rule 8015. [Reply to Motion for Recon. at 4-9.] It argues that the seven-day delay did not impede an expeditious resolution of this litigation or prejudice the Trustee, and that public policy favors disposition on the merits. [<u>Id.</u> at 11-15.]

Appellant also argues that the Court erred in dismissing the Appeal, which constitutes either a Fed. R. Bankr. P. 9023 "manifest error of law," or a Fed. R. App. P. 40(a)(2) "misapprehension" of a point of law. [<u>Id.</u> at 22.]

### C.  <u>The Trustee's First Motion to Strike</u>

In its First Motion to Strike, the Trustee argues that, in its reply memorandum, Appellant asserts six pages of argument

that this Court misapplied In re Jack Raley Construction, Inc.,
17 F.3d 291 (9th Cir. 1994), but that such argument is not
responsive to the Trustee's opposition memorandum, nor did
Appellant raise the argument in its memorandum in support of its
Motion for Reconsideration.  He also argues that, when Appellant
filed its Motion for Reconsideration, it argued that the Trustee
calculated the pre-judgment interest and therefore is judicially
estopped from claiming any other amount.  In its reply, however,
when belatedly raising its analysis of In re Jack Raley
Construction, Inc., Appellant argues that the parties
stipulated to the amount of the pre-judgment interest.  The
Trustee asks the Court to strike these matters raised for the
first time in Appellant's reply.  [First Motion to Strike at 1-
4.]

        In response to the First Motion to Strike, Appellant
states that its discussion in its reply regarding the application
of In re Jack Raley Construction, Inc. was to show that this
Court committed a manifest error of law or a misapprehension of
law.  [Mem. in Opp. to First Motion to Strike at 2-3.]
Alternatively, if the Court is inclined to strike these
arguments, Appellant asks the Court to authorize the Trustee to
file a pleading responding to the allegedly "new" arguments.
[Id. at 3.]

        The Court HEREBY GRANTS the First Motion to Strike, and

does not consider matters raised for the first time in Appellant's reply to the Motion for Reconsideration.

## II.  **Appellant's Motion for Leave**

Appellant's Motion for Leave asks the Court for permission to file a late petition for rehearing pursuant to Fed. R. App. P. Rules 26(b) and 40(a)(1).  Alternatively, it seeks to retroactively extend the time for filing a petition for rehearing pursuant to the applicable rules.  [Mem. in Supp. of Motion for Leave at 1-2.]  Appellant acknowledges that:

> Where the district court is adjudicating a bankruptcy appellate proceeding pursuant to 28 U.S.C. § 158, rather than 28 U.S.C. § 157(d), then either the 14 day period of Rule 8015 F.R.Bk.P. for a Motion for Reconsideration, or, if appropriate, the 14 day period of Rule 40(a)(1), F.R.App.P, for a petition for rehearing, might be the relevant time periods to file a motion for reconsideration or petition for [re]hearing.

[Motion for Leave, Declaration of Jerrold Guben ("1/26/12 Guben Decl.") at ¶ 11.]  Appellant also repeats its arguments set forth in its reply to the Motion for Reconsideration.

### A.  **The Trustee's Opposition**

In his opposition, the Trustee argues that neither Fed. R. Bankr. P. 9023 nor Fed. R. Civ. P. 59(e) apply to Appellant's Motion for Reconsideration; rather, Fed. R. Bankr. P. 8015 applies.  Under Fed. R. Bankr. P. 9006(b)(1), the Court may grant Appellant leave to file its Motion for Reconsideration late, but only if Appellant meets its burden of showing excusable neglect

8

for failing to timely file the motion.  The Trustee argues that Appellant fails to meet that burden and, therefore, the Motion for Leave should be denied.  [Mem. in Opp. to Motion for Leave at 2-5.]  The Trustee also asserts that Appellant's conduct has not been in good faith, has been dilatory over the course of the Appeal, and that Appellant has repeatedly flouted basic procedural rules.  [Id. at 18-20.]

### B.    **Appellant's Reply**

In its reply, Appellant argues that Court can employ the Fed. R. Bankr. P. 9006(b) "excusable neglect" standard and that it should be applied with leniency here.  Appellant indicates that it erroneously relied on Fed. R. Civ. P. 59(e) as the basis for its Motion for Reconsideration.  [Reply to Motion for Leave at 6-7.]  Appellant nevertheless urges the Court to adopt its own alternative framework for authorizing a waiver of time limits under the five-factor test of Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  [Id. at 4-5.]

Appellant also states that there is authority "for bankruptcy courts to entertain the filing of a Rule 9023/Rule 59 motion to be treated as a F.R.Bk.P, Rule 9024/F.R.Civ.P. Rule 60 motion, where the motion was filed more that 14 days after the entry of the order [and] raises a legitimate Rule 60(b) issue."  [Id. at 10.]

Appellant acknowledges that "the filing of a motion for

[re]consideration in the federal courts presents a patch-work of procedures. . . . there are several 'reconsideration rules," and Appellant simply chose the wrong one, not from a lack of good faith." [Reply to Motion for Leave, Declaration of Jerrold Guben ("2/14/12 Guben Decl.") at ¶¶ 29-30.] It also asserts that, when a district court "functions as an appellate court, or in the bankruptcy appellate panel, a motion for reconsideration does not proceed by Rule 9023, F.R.Bk.P. or Rule 59, F.R.Civ.P., but by Rule 8015 F.R.Bk.P." [Id. at ¶ 34.]

### C.    **The Trustee's Second Motion to Strike**

        The Trustee asks the Court to strike Appellant's reply filed in support of its Motion for Leave. The Trustee notes that on January 27, 2012, this Court issued a minute order on Appellant's Motion for Leave, stating: **"No Reply Memorandum is allowed."** [Second Motion to Strike at 1 (quoting Minutes, filed 1/27/12, [dkt. no 39]) (emphasis in original).] The Court HEREBY GRANTS the Second Motion to Strike.

### DISCUSSION

### I.    **Motion for Leave**

        The parties agree that Appellant's request that the Court reconsider its Order is not governed by Fed. R. Civ. P. 59(e), but by Fed. R. Bankr. P. 8015. Rule 8015 provides: "Unless the district court . . . by local rule or by court order otherwise provides, a motion for rehearing may be filed within 14

days after entry of the judgment of the district court[.]"
Appellant filed its Motion for Reconsideration twenty-one days
after the entry of judgment, rather than the fourteen days set
forth in the rule.

Fed. R. Bankr. P. 9006(b)(1) governs extensions of time
to file a motion pursuant to Fed. R. Bankr. P. 8015. <u>See</u> <u>In re</u>
<u>Blinder, Robinson & Co.</u>, Inc., 124 F.3d 1238, 1240 n.3 (10th Cir.
1997) ("The district court properly extended the time for filing
a motion to reconsider pursuant to Fed. R. Bankr. P. 8015 and
9006(b)(1)."). It provides, in pertinent part:

> [W]hen an act is required or allowed to be done at
> or within a specified period by these rules
> . . . , the court for cause shown may at any time
> in its discretion . . . (2) on motion made after
> the expiration of the specified period permit the
> act to be done where the failure to act was the
> result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). This district court recognizes the
following standard for considering extensions pursuant to the
rule:

> Bankruptcy Rule 9006 allows a court to permit
> a movant's late filing if the movant's failure to
> meet the specified deadline "was the result of
> excusable neglect." Fed. R. Bank. P. 9006(b)(1).
> Interpreting this provision, the U.S. Supreme
> Court articulated a four-part test to determine
> whether a party's failure to meet a deadline
> constitutes excusable neglect. <u>See</u> <u>Pioneer Inv.</u>
> <u>Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507
> U.S. 380, 395 (1993). Specifically, courts must
> examine: (1) the danger of prejudice to the
> opposing party; (2) the length of the delay and
> its potential impact on the proceedings; (3) the
> reason for the delay; and (4) whether the movant

acted in good faith.  <u>Id.</u>  The determination of
"what sorts of neglect will be considered
'excusable' . . . is at bottom an equitable one,
taking account of all relevant circumstances
surrounding the party's omission."  <u>Pioneer</u>, 507
U.S. at 395; <u>see also</u> <u>Lemoge v. United States</u>, 587
F.3d 1188, 1195 (9th Cir. 2009) (stating that the
four enumerated <u>Pioneer</u> factors are "'not an
exclusive list'") (quoting <u>Briones v. Riviera
Hotel & Casino</u>, 116 F.3d 379, 381 (9th Cir. 1997)
(per curiam)).

     The Ninth Circuit has expounded upon the
<u>Pioneer</u> test, and adopted it in other contexts,
including Federal Rules of Civil Procedure
("Rule") 6(b) and 60(b) as well as Federal Rules
of Appellate Procedure ("Appellate Rule") 4(a)(5).
<u>See, e.g.</u>, <u>Briones</u>, 116 F.3d at 381 (adopting the
<u>Pioneer</u> test for consideration of Rule 60(b)
motions); <u>Comm. for Idaho's High Desert, Inc. v.
Yost</u>, 92 F.3d 814, 825 n.4 (9th Cir. 1996)
(concluding that the <u>Pioneer</u> test is applicable to
Rule 6(b) and noting the Ninth Circuit's prior
holding that the <u>Pioneer</u> analysis applies to
Appellate Rule 4(a)(5)) (citing <u>Reynolds v.
Wagner</u>, 55 F.3d 1426, 1429 (9th Cir. 1995)).
Although the Ninth Circuit initially took a narrow
approach to the <u>Pioneer</u> excusable neglect
analysis, <u>see</u> <u>Kyle v. Campbell Soup Co.</u>, 28 F.3d
928, 931–32 (9th Cir. 1994) (concluding that an
attorney's mistake in interpreting and applying
unambiguous rules did not constitute excusable
neglect under <u>Pioneer</u>), the clear trend since
<u>Pincay v. Andrews</u>, 389 F.3d 853 (9th Cir. 2004)
(en banc)[,] is to afford the movant more lenience
when applying the <u>Pioneer</u> factors, <u>see, e.g.</u>,
<u>Lemoge</u>, 587 F.3d at 1195–98 (determining that the
district court abused its discretion in not
finding excusable neglect within Rule 60(b) when
the plaintiffs' attorney, due to serious medical
issues, failed to timely serve the summons and
complaint, but seven months later, moved to set
aside the district court's dismissal of the case);
<u>In re Zilog, Inc.</u>, 450 F.3d 996, 1006–07 (9th Cir.
2006) (concluding that the bankruptcy court abused
its discretion in failing to find excusable
neglect pursuant to Bankruptcy Rule 9006(b)(1)
when pro se employees failed to timely file proofs

of claim); <u>Pincay</u>, 389 F.3d at 858-60 (affirming the district court's finding of excusable neglect within the meaning of Appellate Rule 4(a)(5) when the defendants filed their notice of appeal twenty-four days late due to a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule). Indeed, the Ninth Circuit has recently reiterated that "[e]xcusable neglect 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence,' and includes 'omissions caused by carelessness.'" <u>Lemoge</u>, 587 F.3d at 1192 (quoting <u>Pioneer</u>, 507 U.S. at 394).

<u>In re Hawaiian Airlines, Inc.</u>, Cv. No. 08-00405 DAE-BMK, 2011 WL 1483923, at *2-3 (D. Hawai'i Apr. 18, 2011).

Examining the <u>Pioneer</u> factors, the Court finds that Appellant has made a sufficient showing for the purpose of its Motion for Leave. Taking account of all the relevant circumstances, the first factor weighs in favor of Appellant, because the Court concludes that the prejudice to the Trustee is nominal; "allowing [Appellant] to file an untimely [Motion for Reconsideration] would merely mean that [the Trustee] 'would have lost a quick victory,' which is not sufficiently prejudicial to deny relief." <u>Id.</u> at *4. Second, the seven day delay in filing the Motion for Reconsideration is a minor delay when compared to other delays deemed reasonable by the Ninth Circuit. <u>See</u> <u>id.</u> (citing <u>Lemoge</u>, 587 F.3d at 1197 (concluding that the plaintiffs' Rule 60(b) motion, filed seven months after the case had been dismissed, was brought within a reasonable amount of time)).

As to the third factor, the reason for the delay, it is

13

not entirely clear to the Court why Appellant filed its Motion

for Reconsideration pursuant to Fed. R. Civ. P. 59(e), rather

than the applicable Bankruptcy Rule.  Appellant acknowledges that

"different rules may apply where the District Court is exercising

its appellate jurisdiction over a bankruptcy case." [1/26/12

Guben Decl. at ¶ 10.]  To the extent Appellant relied on the

wrong rule, the Court finds that, absent further explanation,

this factor does not weigh in favor of Appellant.  The Court

notes, however, that "the Ninth Circuit has found excusable

neglect when experienced law firms and attorneys have missed

filing deadlines."  In re Hawaiian Airlines, Inc., 2011 WL

1483923, at *5 (citing cases).  Accordingly, under the

circumstances presented, this will not preclude the Court from

finding excusable neglect.  Finally, as to the fourth factor, the

Court cannot conclude that Appellant acted in bad faith.  See

Bateman v. United States Postal Serv., 231 F.3d 1220, 1225 (9th

Cir. 2000) (concluding that the movant acted in good faith

because "[h]is errors resulted from negligence and carelessness,

not from deviousness or willfulness").

In sum, three of the Pioneer factors—prejudice, length

of delay, and good faith—weigh in favor of Appellant, and

although the Trustee is rightfully frustrated by Appellant's

failure to follow applicable rules and deadlines, that will not

preclude the Court from finding that this error was the product

of excusable neglect.  See Pioneer, 507 U.S. at 388 ("Congress

plainly contemplated that the courts would be permitted, where

appropriate, to accept late filings caused by inadvertence,

mistake, or carelessness, as well as by intervening circumstances

beyond the party's control.").  Thus, "considering all relevant

circumstances," id. at 395, the Court concludes that Appellant's

neglect was "excusable" under Fed. R. Bankr. P. 9006(b)(1).

The Court, exercising its discretion, HEREBY GRANTS

Appellant's Motion for Leave, and, pursuant to Fed. R. Bankr. P.

9006(b)(1), permits the late filing of Appellant's Motion for

Reconsideration.  The Court next turns to the merits of that

motion.

## II.  **Motion for Reconsideration**

Appellant seeks reconsideration of the Court's Order on

the grounds that the bankruptcy court did not have the authority

to enter a final judgment based on the United States Supreme

Court's decision in Stern, and that its Notice of Appeal was

timely.

As discussed above, the Court treats the Motion for

Reconsideration as a petition for rehearing pursuant to Fed. R.

Bankr. P. 8015.

> This rule does not provide a standard of review
> for granting a rehearing.  The Ninth Circuit has
> upheld the application of Rule 40 of the Federal
> Rules of Appellate Procedure to a rehearing motion
> since Rule 8015 was derived from Rule 40.  See In
> re Fowler, 394 F.3d 1208, 1214 (9th Cir. 2005);

> Fed. R. Br. P. 8015 Advisory Committee Notes.
> Rule 40 of the Federal Rules of Appellate
> Procedure requires the petitioner to "state with
> particularity the points of law or fact which in
> the opinion of the petitioner the court has
> overlooked or misapprehended." Fed. R. App. P.
> 40(a). "A petition for rehearing was not designed
> to be a 'crutch for dilatory counsel, nor, in the
> absence of a demonstrable mistake, to permit
> reargument of the same matters.'" Olson v. United
> States, 162 B.R. 831, 834 (D. Neb. 1993) (quoting
> United States v. Vasquez, 985 F.2d 491, 497 (10th
> Cir. 1993)). "'Whether or not to grant
> reconsideration is committed to the sound
> discretion of the court.'" In re Fowler, 394 F.3d
> at 1214 (quoting Navajo Nation v. Norris, 331 F.3d
> 1041, 1046 (9th Cir. 2003)).

In re Personal Elec. Transp., Inc., Cv. No. 07-00198 DAE/LEK,

2007 WL 2363381, at *1 (D. Hawai'i Aug. 13, 2007).

If the court "finds that it has not considered an

important aspect of the case, then a rehearing is warranted."

McMullen v. Schultz, 443 B.R. 236, 241 (D. Mass. 2011). "A

motion for rehearing 'is not a means by which to reargue a

party's case or to assert new grounds for relief.'" Forrest v.

Spicewood Dev., LLC, Civil No. 1:10cv096, 2011 WL 915174, at *1

(W.D.N.C. Mar. 3, 2011) (citation omitted).

## A.    **Application of Stern v. Marshall**

Appellant previously argued that Stern prohibits the

bankruptcy court from entering final judgment in this matter.

Although the issue was raised in the course of the Appeal, the

Court concluded that it did not have subject matter jurisdiction

over the Appeal, and did not decide whether Stern applied to the

16

bankruptcy court's June 3, 2011 final judgment.  The Court

confirms that, to the extent Appellant argues that the bankruptcy

court had no authority to issue a final judgment, this argument

is not properly before this Court, which is without jurisdiction

to decide the substantive issues raised in the Appeal.  Moreover,

Stern is not an "intervening change in the law," because it was

decided on June 23, 2011, before the parties filed their briefs

in the instant Appeal, and was expressly raised in the briefing

and oral argument before this Court.  On this issue, Appellant

fails to established that the Court has "not considered an

important aspect of the case," and that a rehearing is warranted.

McMullen, 443 B.R. at 241.

B.    **Ninth Circuit's Finality Standard**

Appellant argues that the Court erred in dismissing the

Appeal because it failed to apply the Ninth Circuit's "pragmatic

and flexible finality" standard in determining when a judgment of

a bankruptcy court is final for appeal purposes.  Appellant

states that:

> This Court's error in dismissing RNI's appeal
> because RNI allegedly failed to file a timely
> Notice of Appeal within 14 days of the Bankruptcy
> Court's "Final Judgment," is based on the Court's
> failure to apply the Ninth Circuit's "Pragmatic
> and Flexible Finality" standard pursuant to 28
> U.S.C. § 158(a) in determining when a "judgment"
> of a bankruptcy court is "final" for appeal
> purposes.  This Court simply failed to evaluate
> whether the Bankruptcy Court's "Final Judgment" of
> June 3, 2011, as docketed on June 5, 2011, was a
> 28 U.S.C. § 158(a) final judgment for appeal

17

> purposes, given the Decision and Order of May 16,
> 2011, ruling on Counts I, II and IV, the
> Stipulation of June 1, 2011, dismissing Count III,
> and the Final Judgment of June 3, 2011,
> liquidating the principal judgment $1,040,000.00
> and pre-judgment interest of $337,934.18.

[Mem. in Supp. of Motion for Recon. at 11.]

First, Appellant did not raise the issue of the

finality of the June 3, 2011 final judgment on Appeal.  Second,

to the extent Appellant requests the Court employ the Ninth

Circuit's "pragmatic and flexible finality" standard, Appellant

fails to demonstrate that this standard applies to district court

appeals from bankruptcy adversary proceedings.  Rather,

"[a]dversary proceedings are merely federal civil actions under

another name, and do not ordinarily present the types of

uncertainties that necessitate 'flexible finality' analysis."  In

re Belli, 268 B.R. 851, 854 (9th Cir. BAP 2001).  "[F]inality for

purposes of jurisdiction over 'as of right' appeals under 28

U.S.C. § 158(a)(1) in adversary proceedings does not differ from

finality in ordinary federal civil actions under 28 U.S.C. §

1291."  Id. at 855.

Finally, regardless of whether the Court applies the

"pragmatic and flexible finality" standard, the outcome is the

same.  Appellant acknowledges that all the parties "believed the

Final Judgment of June 3, 2011 was an effective enforceable final

judgment. . . ."  [Mem. in Supp. of Motion to Recon. at 18.]  The

Court did not rule to the contrary.  The Court's Order stated

18

that "Appellant filed a notice of appeal from the bankruptcy court's interlocutory Decision, but it failed to file any notice of appeal from the bankruptcy court's final judgment – timely or otherwise." [Order at 27.] That is, there is no dispute that the June 3, 2011 final judgment is, in fact, final. Nor is there any dispute that Appellant did not timely file a notice of appeal from that final judgment, leaving this Court without appellate jurisdiction. The Court's Order ruled as follows:

> The Court emphasizes that it is constrained by Ninth Circuit precedent, and CONCLUDES that the safe harbor provision of Fed. R. Bankr. P. 8002(a) does not apply here to the prematurely filed Notice of Appeal. Although the Court accepts that the Appellant reasonably believed the prematurely filed Notice of Appeal was timely and effective, the federal rules regarding the time of appeals are strictly construed. <u>Malone v. Avenenti</u>, 850 F.2d 569, 572 (9th Cir. 1988). The Court recognizes that jurisdictional filing requirements "necessarily operate harshly and arbitrarily with respect to individuals who fall just on the other side of them[.]" <u>Houston v. Lack</u>, 487 U.S. 266, 282 (1988) (citation omitted). This Court, however, may only proceed within the boundaries previously set before it.

> The Court also concludes that Fed. R. Bankr. P. 8003(c) does not cure the prematurely filed Notice of Appeal. Appellant argues that the fact that Count III had not been disposed of when the Notice of Appeal was filed on May 27, 2011, is covered by Rule 8003(c), providing for the filing of a motion for leave to appeal, which states as follows:

> > (c) Appeal Improperly Taken Regarded as a Motion for Leave to Appeal. If a required motion for leave to appeal is not filed, but notice of appeal is timely filed, the district court or bankruptcy appellate panel

may grant leave to appeal or direct that a
motion for leave to appeal be filed.  The
district court or the bankruptcy appellate
panel may also deny leave to appeal but in so
doing shall consider the notice of appeal as
a motion for leave to appeal.  Unless an
order directing that a motion for leave to
appeal be filed provides otherwise, the
motion shall be filed within 14 days of entry
of the order.

Appellant seeks the discretion of the Court
to administer the May 27, 2011 Notice of Appeal,
as a Motion for Leave to File a Notice of Appeal
of the resolved counts as of May 27, 2011, Counts
I, II and IV.

The Trustee argues that Appellant's reliance
on Rule 8003(c) is misplaced.  Appellant filed a
notice of appeal from the bankruptcy court's
interlocutory Decision, but it failed to file any
notice of appeal from the bankruptcy court's final
judgment – timely or otherwise.  As such, the
final judgment is not before this Court.  Thus,
the Trustee argues that, even if this Court were
to grant Appellant leave to file its interlocutory
appeal from the Decision, the bankruptcy court's
final judgment would remain in full force and
effect.  The Court agrees with the Trustee on this
point, and FINDS that Fed. R. Bankr. P. 8003(c)
does not apply.

[Order at 25-27.]

The Court finds no point of law that was overlooked or

misapprehended with respect to the application of Fed. R. Bankr.

P. 8002 and 8003.  Appellant has not demonstrated that the Court

should reconsider its ruling on the issue of its appellate

jurisdiction.  Accordingly, the Court DENIES the Motion for

Reconsideration and reiterates that it is without jurisdiction to

hear the Appeal.

## CONCLUSION

On the basis of the foregoing, Appellant RNI-NV Limited Partnership's Motion For Reconsideration Pursuant to Rule 59(e), F.R.Civ.P., filed on December 21, 2011 [dkt. no. 30] is HEREBY DENIED.

The following motions are HEREBY GRANTED: Appellant's Motion for Leave to File Late Petition for Rehearing or Motion for Reconsideration of Order Dismissing Appeal of November 30, 2011, or, in the Alternative, Motion to Retroactively Extend the Time to File Petition for Rehearing or Motion for Reconsideration of Order Dismissing Appeal Pursuant to Rule 26(b) and Rule 40(a) F.R.App.P., filed January 26, 2011 [dkt. no. 37]; Appellee Dane S. Field, Trustee's Motion to Strike a Portion of Appellant's Reply to Appellee's Opposition to Motion for Reconsideration, filed on February 8, 2012 [dkt. no. 41]; and Appellee Dane S. Field, Trustee's Motion to Strike a Portion of Appellant's Reply to Appellee's Opposition to Motion for Leave, filed on February 15, 2012 [dkt. no. 44].

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII,February 27, 2012.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DANE S. FIELD V. RNI-NV LIMITED PARTNERSHIP, ET AL; CIVIL NO. 11-00364 LEK-BMK; ORDER DENYING APPELLANT RNI-NV LIMITED PARTNERSHIP'S MOTION FOR RECONSIDERATION PURSUANT TO RULE 59(E), F.R.CIV.P. [DKT. NO. 30]; GRANTING APPELLANT'S MOTION FOR LEAVE TO FILE LATE PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL OF NOVEMBER 30, 2011, OR, IN THE ALTERNATIVE, MOTION TO RETROACTIVELY EXTEND THE TIME TO FILE PETITION FOR REHEARING OR MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL PURSUANT TOP MOTION FOR RECONSIDERATION OF ORDER DISMISSING APPEAL PURSUANT TO RULE 26(B) AND RULE 40(A) F.R.APP.P. [KT. NO. 37]; GRANTING APPELLEE DANE S. FIELD, TRUSTEE'S MOTION TO STRIKE A PORTION OF APPELLANT'S REPLY TO APPELLEE'S OPPOSITION TO MOTION FOR RECONSIDERATION [DKT NO. 41]; AND GRANTING TRUSTEE'S MOTION TO STRIKE A PORTION OF APPELLANT'S REPLY TO APPELLEE'S OPPOSITION TO MOTION FOR LEAVE TO FILE LATE PETITION FOR REHEARING [DKT NO. 44]**